McANELLY HARDWARE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11422.   Promulgated November 26, 1927.

*A. F. Britnell, Esq.*, for the petitioner.
*C. H. Curl, Esq.*, for the respondent.

**OPINION.**

SIEFKIN: We are confronted in this case with the necessity of determining which of two erroneous methods is most nearly correct. Although petitioner purported to show an invested capital and details of gross income and net income it now says that its income, determined upon a net worth theory is considerably less than that which its officers swore to in its return. Petitioner admits that the books were incorrectly kept but insists that it is possible to arrive at the true net income by comparing the net worth at the beginning and end of the taxable period, and insists that the figures making up such computations can be accurately ascertained from the books. The only witness for petitioner was the assistant secretary-treasurer of the company, who was not with the company during the year in question and who testified to what the records showed and pointed out certain errors,

but did not attempt to show, and could not show, whether the books as thus corrected reflected actual facts.

On the other hand, we are asked to approve a deficiency asserted by respondent which he admits is based upon the so-called percentage method in arriving at a net income of $15,345.77 and special assessment applied to that figure. Although petitioner reported a net income of $13,548.94 and a tax thereon of $1,117.24, respondent's application of special assessment to a net income results in a deficiency of $1,953.98, a greater amount than his increase in net income.

Under section 212 (b) of the Revenue Act of 1918 it is the Commissioner's duty, if the petitioner's system of accounting does not clearly reflect income, to compute the tax " upon such basis and in such manner as in the opinion of the Commissioner does clearly reflect the income." The burden of showing such action is incorrect is on the petitioner and we are of the opinion that the burden has not been met. The situation is similar to that considered in *E. Muelhoefer & Son* v. *Commissioner*, 4 B. T. A. 586, where we said:

In regard to the records which petitioner claimed to have, correctly reflecting its income, it was clearly incumbent upon it to disclose their contents to the Board in order that it might be in a position to judge of the correctness or otherwise of the Commissioner's determination.

In the absence of such records or of any available evidence of the items entering into the computation of the petitioner's income and disbursements during the year, the Board is manifestly unable to conclude just what the income really was, and is therefore not in a position to say that the determination of the Commissioner was erroneous.

See also *F. G. Bishoff* v. *Commissioner*, 6 B. T. A. 570.

*Judgment will be entered for the respondent.*

Considered by LITTLETON, TRAMMELL, MORRIS, and MURDOCK.